Thank you, Your Honors. Good morning. In this case, at issue is whether this Court should grant Mr. Graham's motion to authorize a successive 2255 motion challenging his Section 924C conviction based on Davis v. United States. And I'm happy to say that the parties agree that the Court should do so here, because as this Court already held in In re. Thomas, Davis is a new rule of constitutional law that the Supreme Court has made retroactive and was previously unavailable. Your Honor, therefore, the gatekeeping requirements of 2255H are satisfied. And Section 2244B1 does not bar relief for Mr. Graham. Did you say this is something you all agree on? Yes, Your Honor. We both agree on every point. Who are you arguing against? I'm arguing against the United States government. Did you say they agree with you? Yes, they agree with us. Okay. But this was set for oral argument, so that's why I'm... I understand that, but I'm just saying they agree with you. So what do you argue? You might tell us some reason that would give us a reason not to accept that agreement? No, Your Honor, well... If you keep talking, you're going to get some questions you're going to find out. But I mean, I'm just saying, if you tell me they agree, and they get up and say, I agree, what are you arguing? Well, Your Honor, I mean... The only thing I can see can happen if you keep talking, you're going to get some questions, and then all of a sudden, it may start taking a different direction. I'm just saying, I don't... It may not, but you proceed as you wish. But you just said they agree. Yes, Your Honor. And if the Court does not have any questions... What are you arguing? I think you're correct, Your Honor. So if the Court doesn't have any questions, then I'm happy to sit down. I'm just trying to understand it. Well, I mean, I was called to do the argument, so I just thought I would proceed. But you just gave the argument. You said they agree with us. Right. Why is that not an argument? Why you got to say anything more? I don't have to say anything more, Your Honor. Well, I may not agree with you. That's a problem there, but... Just because you agree with them doesn't mean the Court would. But if that's where you are, I don't know what you're arguing. Does the Court have any questions, Your Honor? I have a question for you. Yes, Your Honor. My question is this. You said that they agree with you, the government agrees with you. They agree with you that 2244B1 does not apply to successive 2255, right? Yes, Your Honor. They agree with that totally? Yes. Okay. That's the only question I have. Okay. Thank you, Your Honor. If the Court doesn't have any further questions, then I'm happy to rest. Thank you. All right. Okay. Great. Thank you. Government? Tissot? I feel like you got a question to answer right off the bat there, don't you? Do you agree with what was just said? Thank you, Your Honor. And I'm Jonathan Tsui on behalf of the United States. May it please the Court. Both the appellant and the government agree that Section 2244B1 does not, of its own force, impose an additional hurdle to filing a second or successive 2255 motion. And that is because, by its own terms, 2244B1 is limited to claims in a second or successive habeas corpus application under Section 2254. Do you agree or disagree? I don't believe the parties have a disagreement here, Your Honor. And I think Mr. Patel has properly— So what do you now have? You just said you all agree. I'm trying to understand what you're getting ready to tell us now. You want us to now do something more or what? The government does not ask this Court to do anything more. The government will rest on the parties' agreement if the Court doesn't have any additional questions. And you think the Court's opinion ought to address what points you agree on. You agree with that? Your Honor, that would be sufficient, yes. So the Court's opinion should address the circuit split? Your Honor, I think the government— There's a possibility that the Court can avoid addressing the circuit split because we don't have the same claims being addressed here as were addressed in prior 2255 motions. It's already a split. And the government also doesn't have any— Why should the Fourth Circuit eschew a question that has already been resolved by several circuits, and it's not creating a split either way we go? And you both agree on—that's why I made a question was, did you agree on the fact that 2241 doesn't apply to 55? And you agree with that. So therefore, the Court's decision ought to reflect that agreement, should it not? I would agree with you, Your Honor, yes. And I'm not asking the Court to avoid that issue. Right, that's all I have. Thank you. Anything else? All right. Now, Nunn, thank you, counsel, for appreciating your being here, and thank you, arguments, and your presentation. Thank you, Your Honor. All right. We ask the Clerk to adjourn the Court for the morning. This honorable Court stands adjourned until tomorrow morning. God save the United States and this honorable Court.
judges: Roger L. Gregory, James Andrew Wynn, Stephanie D. Thacker